4-5100

United States of America

Northern District of Texas – Fort Worth Division

In Re: Darin Jay Fansler, Cestui, Plaintiff

v.

NewRez LLC D/B/A Shellpoint Mortgage Servicing,
as Servicer for U.S. Bank Trust National Association,
not in its individual capacity but solely as Owner Trustee
for VRMTG Asset Trust, together with its predecessors,
successors, and assigns; and ALDRIDGE PITE, LLP,
acting as foreclosure counsel and substitute trustees,
and any other person acting in concert with them
, Defendants.



4:25CV1092-O

### Non Statutory Petition in Equity for a Mandatory Injunction and other equitable relief

Request: Chief Judge of the United States District Court for the Northern District of Texas

### Jurisdiction

Article III, Section 2, Clause 1, in Equity of the United States Constitution, this court has jurisdiction to hear this matter and venue for judicial determination under original jurisdiction.

Petitioner, Darin Jay Fansler, Cestui, petitions this court of equity for equitable relief in the nature of mandatory injunction because petitioner has no speedy adequate remedy at law and irreparable harm will continue to occur if this court does not take immediate action against defendant who has already caused harm and will continue to do so in the future.

### Bad Faith and Unjust Enrichment

Defendants have acted in bad faith to obtain unjust enrichment against Petitioner. By misguided confidence, Petitioner had once agreed to terms of an unconscionable contract, under which a purported power of sale was claimed. However, on August 12, 2024, prior to the initiation of foreclosure, all such powers of attorney were expressly revoked and notice of revocation was sent to all parties with any claimed interest, including recordation with the Clerk of Tarrant County, thereby terminating any authority to exercise a power of sale.

The immediate threat herein lies in Defendants' attempt to sell Petitioner's home absent lawful authority, leaving Petitioner without his residence and stripping him of the equitable value of all payments made, the labor invested in the building and maintenance of the property, and the peaceable enjoyment of the home and land.

On August 12, 2024, prior to the purported foreclosure, Petitioner, as Grantor Absolute, Darin Jay Fansler, Cestui , executed and delivered a Revocation of Powers of Attorney to all parties claiming any interest in the subject property, including Caliber Home Loans and its successors, assigns,

representatives, and the Clerk of the Recorder's Office of Tarrant County, Texas. Said Revocation expressly terminated any and all powers of attorney, including any claimed authority to exercise a power of sale under the mortgage contract. Each such Revocation was sent by United States Registered Mail, and the corresponding signed return receipts (green cards) demonstrate actual notice and acknowledgment by the parties. True and correct copies of the Revocation, along with mailing proofs and green card receipts, are attached hereto as **Exhibit A** and incorporated herein by reference as though fully set forth.

### Continuity of Standing

On August 12, 2024, Petitioner, Darin Jay Fansler, Cestui, acting as Grantor Absolute, executed and served a Revocation of Powers of Attorney upon all parties claiming any interest in his property. This revocation was recorded prior to the foreclosure proceedings and attaches permanently to the chain of title. Petitioner therefore retains standing in equity to enforce the revocation and to protect his equitable interest in the property against any attempted foreclosure undertaken without lawful authority.

### Foreclosure Irregularity

Petitioner further shows that the foreclosure order itself was obtained through procedural irregularity against him as Grantor Absolute. In September 2024, Petitioner, in good faith, filed a timely motion for continuance in the foreclosure matter. Upon a follow-up inquiry before the hearing date, Petitioner was informed by the Clerk that the motion had been granted and the hearing originally set for October 3, 2024 was reset to October 10, 2024. Relying upon that official assurance, Petitioner prepared for the new reset date. Upon a subsequent inquiry on October 7, however, Petitioner was informed that the supposed reset hearing for October 10 had already occurred on the original date of October 3, and that, due to his absence, the Plaintiff was awarded foreclosure by default. This misrepresentation and denial of due process deprived Petitioner of the opportunity to be heard on the merits, and the resulting foreclosure order is void ab initio, as it was directed against the ALL CAPS fiction rather than Petitioner in his living Proper Name.

### Irreparable Harm

Petitioner shows that the foreclosure has caused, and continues to threaten, irreparable harm. The wrongful foreclosure deprives Petitioner of his home, the equitable value of all payments previously made to the mortgage company or servicer, the labor and improvements invested in the property, and the peaceable enjoyment of the home and land.

In further evidence of irreparable harm, Petitioner pursued a Quiet Title action in state court (later removed to federal court) prior to bankruptcy in order to settle the controversy. That action was dismissed on procedural grounds, not on the merits, leaving the substantive issues unresolved. With no other remedy at law, Petitioner was then forced to file a Chapter 7 bankruptcy petition solely to prevent the imminent sale of the property scheduled for June 3, 2025 — a sale which, troublingly, was not listed on the official Tarrant County foreclosure postings. These irregularities suggest non-transparent dealings and further bad faith, leaving Petitioner with no avenue but to seek equity.

Only equity can prevent these covert injuries and continuing irreparable harm.

### Oath Violation by Attorneys

Petitioner petitions this Court of Equity for a mandatory injunction against attorneys at law, **Aldridge Pite, LLP**, acting as foreclosure counsel and substitute trustees, in their individual and official capacity, as constitutional officers under oath, who nevertheless have acted in clear violation of their sworn duty. Having taken an oath to uphold the Constitution of the United States, they have engaged in conduct that gives aid and comfort to the unlawful taking of property, contrary to Article XIV, Section 3 of the Constitution.

Article XIV, Section 3 states in pertinent part:
*"No person shall... hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath... to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof..."*

By pursuing foreclosure against the Petitioner absent lawful authority — after revocation of all powers of attorney, record correction of the deed, and contrary to equity — Aldridge Pite, LLP has violated its oath and has acted in a manner giving aid and comfort to unlawful acts against the Constitution and against the Petitioner's equitable estate. Such conduct is **ultra vires**, being wholly beyond the scope of any lawful authority, and is therefore null and void ab initio, exposing the actors to personal liability.

### Mandatory Injunctions

Petitioner understands that a mandatory injunction, as opposed to a prohibitory one, does not merely maintain the status quo, but rather compels the performance of an affirmative act. In this matter, the affirmative act sought is to compel Defendants to immediately cease and desist from taking any further steps in foreclosure or sale of the subject property, having no lawful authority to do so following the revocation of all powers of attorney and record correction of the deed.

Further, the attorneys at law, Aldridge Pite, LLP, acting as foreclosure counsel and substitute trustees, must be compelled to withdraw and refrain from any further action in connection with such foreclosure, as their acts are ultra vires and in violation of oath as outlined in Article XIV, Section 3 of the Constitution for the United States. Only this Court of Equity has power to compel such relief, for no adequate remedy exists at law, and irreparable harm will otherwise result to the Petitioner's equitable interest in his home, property, and peaceable enjoyment thereof.

### Undoing the Wrongful Acts

Petitioner further requests that this Court of Equity compel the persons named herein, through mandatory injunction, to undo the wrong and injury with which they are charged. Such relief includes the undoing of acts taken without authority, including the unlawful initiation of foreclosure proceedings

against the misidentified entity rather than Petitioner after revocation of powers of attorney and correction of the deed.

Petitioner requests that this Court compel Defendants to withdraw and vacate such unlawful foreclosure actions, in protection of Petitioner's property and in accordance with his Fourth Amendment liberties, securing him against unlawful seizure. Petitioner also seeks an order restraining any further performance of acts which would violate this injunction and against which Petitioner is entitled to be protected.

## Principles Governing Injunctions

Whether an injunction is classified as mandatory or prohibitory is determined by the effect it has upon the parties involved and by what must be done in order to comply with it. Such determination rests with this Court sitting in equity, and applies to the present matter complained of herein.

Petitioner requests this mandatory injunction due to great necessity, in order to restore all parties to status quo after repeated acts which have caused irreparable injury and very serious damage to Petitioner, Darin Jay Fansler, as Grantor Absolute and Cestui. The equitable interest and resulting injuries are personal to him as cestui. Such relief is required by reason of sound judicial discretion and in conformity with settled equitable principles, where equity acts to prevent injustice and compels that to be done which ought to have been done.

Petitioner verifies that he possesses the appropriate entitlement to the relief sought and verifies that extreme and serious damage will result absent the relief requested. Petitioner further demonstrates a reasonable probability of success on the merits at trial, due to constitutional violations under Article XIV, Section 3 by officers acting against their oath of office, and by Defendants engaging in a pattern and practice of conduct in bad faith causing extreme distress and injury first to the Grantor Absolute and continuing to Petitioner.

Petitioner also insists that the balance of equities tips firmly in his favor, as the harm to the Petitioner's equitable interest in his home, property, and peaceable enjoyment thereof is grave and irreparable, while any burden upon Defendants is merely to refrain from actions taken without lawful authority. Defendants suffer no legitimate injury from being restrained from acts they have no authority to perform, whereas Petitioner suffers irreparable injury if the injunction is denied. Moreover, the granting of an injunction serves the public interest by maintaining the appearance of fairness, upholding the rule of law, and advancing the nature of justice.

Petitioner does establish a likelihood of success on the merits, particularly with respect to the removal of encroachments upon the estate. Such encroachments include the unlawful foreclosure obtained by default through misrepresentation of continuance dates, the continued assertion of a void power of sale despite express revocation recorded on August 12, 2024, the clouding of title through filings against the ALL CAPS fiction rather than the Proper Name, and the ongoing attempts by foreclosure counsel to proceed ultra vires and in violation of oath.

These encroachments upon the property and equitable estate are without lawful authority and are therefore subject to removal by this Court sitting in equity.

Petitioner shows that the remedy of injunction may take one of two forms. In its common form it is prohibitory, forbidding continuance of a wrongful act or restraining a threatened injury. In this matter, prohibitory relief is sought to restrain Defendants from further acts of foreclosure, clouding of title, and unlawful seizure of property.

Petitioner also shows that in contrast, a mandatory injunction compels positive action and requires a change of existing conditions. Such relief is necessary here to compel Defendants to undo the wrongful foreclosure obtained by default through misrepresentation and to vacate filings entered without lawful authority.

Petitioner has satisfied each of the required elements for a preliminary mandatory injunction, therefore the relief must issue.

Petitioner further notes that judicially authenticated instruments exist, including his duly authenticated Name Decree and Certificate of Live Birth already lodged in the Bankruptcy Court. Petitioner will provide these under seal, at this Court's direction, to further substantiate standing and equitable entitlement without compromising the privacy of sensitive records.

**Relief Requested:**

Petitioner requests relief in the nature of a preliminary mandatory injunction, to restore the status quo prior to Defendants' unlawful acts. Petitioner seeks an order of this Court compelling Defendants to vacate and withdraw all foreclosure proceedings wrongfully initiated, including the foreclosure order obtained by default through misrepresentation, and to refrain from conducting or attempting to conduct any sale of the subject property.

Petitioner further requests that this Court restrain Aldridge Pite, LLP, acting as foreclosure counsel and substitute trustees, from any further action in connection with foreclosure of the subject property, who have acted ultra vires and in violation of oath.

Petitioner prays for such other and further equitable relief as this Court may deem just and proper to secure his equitable interest, to protect his home and property from unlawful seizure, and to prevent continued irreparable harm.

**Affidavit of Truth of the Matter Stated**

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of October, 2025.

Darin Jay Fansler, Cestui

# EXHIBIT A
**Notification letters + green card receipts**

dSpecial Cause

From the Desk of: Darin Jay Fansler, Grantor Absolute
Care of: 4228 Negril Court
Fort Worth, Texas
Near by the zip code of: [76137]
August 12, 2024

TARRANT COUNTY DISTRICT CLERK
100 N CALHOUN
FORT WORTH TX 76196-0402

Registered Mail:
CALIBER HOME LOANS – RB 376 263 265 US
NEWREZ LLC – RB 376 263 274 US
HOLLIS ROSE HAMILTON – RB 376 263 288 US
TARRANT COUNTY DISTRICT CLERK – RB 376 263 291 US

Subject: Revocation of Power of Attorney For Loan Number 9749999083

Dear District Clerk,

I am writing to formally revoke any and all powers of attorney that I may have granted to CALIBER HOME LOANS or any of its representatives or assignees. This revocation is effective immediately.

Please take all necessary steps to ensure that any authority previously granted to CALIBER HOME LOANS or any of its representatives or assignees is terminated and that no further actions are taken on my behalf under this power of attorney.

If you require any further information or documentation to process this revocation, please contact me at djfansler.ucc1.308@gmail.com.

Thank you for your prompt attention to this special matter.

Sincerely,
Without Recourse,
Without Prejudice – UCC 1-308

_____
Darin Jay Fansler, Grantor Absolute
cc: file,
CALIBER HOME LOANS,
NEWREZ LLC D/B/A SHELLPOINTMORTGAGE SERVICING,
HOLLIS ROSE HAMILTON,
TARRANT COUNTY DISTRICT CLERK – Cause No. 352-354556-24

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  RECEIVED   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>AUG 28 2024<br>TARRANT COUNTY MAILROOM |
| 1. Article Addressed to:<br>Tarrant County District Clerk<br>100 N. Calhoun<br>Ft. Worth, TX 76196-0402 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 8177 3030 8232 55 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☑ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>RB 3762 63291 US | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |

USPS TRACKING #

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 8177 3030 8232 55

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

c/o: Darin Jay Fansler
4228 Negril Court
Fort Worth, Texas
[76137]

Special Cause

From the Desk of: Darin Jay Fansler, Grantor Absolute
Care of: 4228 Negril Court
Fort Worth, Texas
Near by the zip code of: [76137]
August 12, 2024

NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING
75 Beattie Place, Suite 300
Greenville, SC 29601

Registered Mail:
CALIBER HOME LOANS – RB 376 263 265 US
NEWREZ LLC – RB 376 263 274 US
HOLLIS ROSE HAMILTON – RB 376 263 288 US
TARRANT COUNTY DISTRICT CLERK – RB 376 263 291 US

Subject: Revocation of Power of Attorney For Loan Number 9749999083

Dear NEWREZ,

I am writing to formally revoke any and all powers of attorney that I may have granted to CALIBER HOME LOANS or any of its representatives or assignees. This revocation is effective immediately.

Please take all necessary steps to ensure that any authority previously granted to CALIBER HOME LOANS or any of its representatives or assignees is terminated and that no further actions are taken on my behalf under this power of attorney.

If you require any further information or documentation to process this revocation, please contact me at djfansler.ucc1.308@gmail.com.

Thank you for your prompt attention to this special matter.

Sincerely,
Without Recourse,
Without Prejudice – UCC 1-308

_____
Darin Jay Fansler, Grantor Absolute
cc: file,
CALIBER HOME LOANS,
NEWREZ LLC D/B/A SHELLPOINTMORTGAGE SERVICING,
HOLLIS ROSE HAMILTON,
TARRANT COUNTY DISTRICT CLERK – Cause No. 352-354556-24



Special Cause

From the Desk of: Darin Jay Fansler, Grantor Absolute
Care of: 4228 Negril Court
Fort Worth, Texas
Near by the zip code of: [76137]
August 12, 2024

Hollis Rose Hamilton
3333 Camino Del Rio South, Suite 225
San Diego CA 92108

Registered Mail:
CALIBER HOME LOANS – RB 376 263 265 US
NEWREZ LLC – RB 376 263 274 US
HOLLIS ROSE HAMILTON – RB 376 263 288 US
TARRANT COUNTY DISTRICT CLERK – RB 376 263 291 US

Subject: Revocation of Power of Attorney For Loan Number 9749999083

Dear Hollis Rose Hamilton,

I am writing to formally revoke any and all powers of attorney that I may have granted to CALIBER HOME LOANS or any of its representatives or assignees. This revocation is effective immediately.

Please take all necessary steps to ensure that any authority previously granted to CALIBER HOME LOANS or any of its representatives or assignees is terminated and that no further actions are taken on my behalf under this power of attorney.

If you require any further information or documentation to process this revocation, please contact me at djfansler.ucc1.308@gmail.com.

Thank you for your prompt attention to this special matter.

Sincerely,
Without Recourse,
Without Prejudice – UCC 1-308

*Darin Jay Fansler*

Darin Jay Fansler, Grantor Absolute
cc: file,
CALIBER HOME LOANS,
NEWREZ LLC D/B/A SHELLPOINTMORTGAGE SERVICING,
HOLLIS ROSE HAMILTON,
TARRANT COUNTY DISTRICT CLERK – Cause No. 352-354556-24

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Hollis Rose Hamilton
   3333 Camino Del Rio South
   Ste. 225
   San Diego CA 92108

   |||||| |||| ||||||||| |||| ||||||||| ||||
   9590 9402 8177 3030 8232 48

2. Article Number (Transfer from service label)

   RB 376 263 288 US

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____   ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Jennifer Merced                9/4/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)
   ☐ Priority Mail Express®
   ☑ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

USPS TRACKING #

9590 9402 8177 3030 8232 48

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box●

   C/o: Darin Jay Fansler
   4228 Negril Court
   Fort Worth, Texas
   [76137]

Special Cause

From the Desk of: Darin Jay Fansler, Grantor Absolute
Care of: 4228 Negril Court
Fort Worth, Texas
Near by the zip code of: [76137]
August 12, 2024

CALIBER HOME LOANS
1525 S. BELT LINE ROAD
COPPELL, TX 75019

Registered Mail:
CALIBER HOME LOANS – RB 376 263 265 US
NEWREZ LLC – RB 376 263 274 US
HOLLIS ROSE HAMILTON – RB 376 263 288 US
TARRANT COUNTY DISTRICT CLERK – RB 376 263 291 US

Subject: Revocation of Power of Attorney For Loan Number 9749999083

Dear CALIBER HOME LOANS,

I am writing to formally revoke any and all powers of attorney that I may have granted to CALIBER HOME LOANS or any of its representatives or assignees. This revocation is effective immediately.

Please take all necessary steps to ensure that any authority previously granted to CALIBER HOME LOANS or any of its representatives or assignees is terminated and that no further actions are taken on my behalf under this power of attorney.

If you require any further information or documentation to process this revocation, please contact me at djfansler.ucc1.308@gmail.com.

Thank you for your prompt attention to this special matter.

Sincerely,
Without Recourse,
Without Prejudice – UCC 1-308

_____
Darin Jay Fansler, Grantor Absolute
cc: file,
CALIBER HOME LOANS,
NEWREZ LLC D/B/A SHELLPOINTMORTGAGE SERVICING,
HOLLIS ROSE HAMILTON,
TARRANT COUNTY DISTRICT CLERK – Cause No. 352-354556-24

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CALIBER HOME LOANS
1525 S Belt Line Road
Coppell, TX 75019

9590 9402 8177 3030 8232 17

2. Article Number (Transfer from service label)

RB 376 263 265 US

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] — ☐ Agent ☐ Addressee

B. Received by (Printed Name): [illegible]
C. Date of Delivery: 8/28/24

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type:
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☑ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

USPS TRACKING #

9590 9402 8177 3030 8232 17

United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box*

c/o: Darin Jay Fansler
4228 Negril Court
Fort Worth, Texas
(76137)

United States of America

Northern District of Texas – Fort Worth Division

In Re: Darin Jay Fansler, Cestui, Plaintiff

v.

NewRez LLC D/B/A Shellpoint Mortgage Servicing,
as Servicer for U.S. Bank Trust National Association,
not in its individual capacity but solely as Owner Trustee
for VRMTG Asset Trust, together with its predecessors,
successors, and assigns; and ALDRIDGE PITE, LLP,
acting as foreclosure counsel and substitute trustees,
and any other person acting in concert with them
, Defendants.

## Proposed Order Granting Non Statutory Petition in Equity for a Mandatory Injunction and other equitable relief

Upon consideration of the Petition for Preliminary Mandatory Injunction filed by Plaintiff, Darin Jay Fansler, Cestui, and the supporting exhibits, the Court finds that:

1. Plaintiff has demonstrated a clear right to equitable relief.

2. Plaintiff has shown immediate and irreparable harm absent relief.

3. The balance of equities tips in Plaintiff's favor; greater injury would result from refusing the injunction than from granting it, and the public interest is served by granting relief.

4. An injunction is necessary to restore the status quo and prevent continuing injury caused by Defendants' unlawful acts.

Accordingly, it is ORDERED that:

1. Defendants shall vacate and withdraw all foreclosure proceedings wrongfully initiated against Plaintiff's property, including the foreclosure order obtained by default through procedural misrepresentation.

2. Defendants, including Aldridge Pite, LLP, acting as foreclosure counsel and substitute trustees, are hereby restrained from conducting, or attempting to conduct, any sale of the subject property pending further order of this Court.

3. This Order shall remain in effect until further order of the Court.

SO ORDERED this 3rd day of October, 2025.

*[signature]*
United States District Judge